UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNETH SMITH, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § | |
| PLAINTIFF § § | |
| v. § § | CIVIL ACTION NO. 4:17-cv-641 |
| NORTH TEXAS MAINTENANCE, INC., A.L. HELMCAMP, INC. AND CLINT HEMBY, INDIVIDUALLY, § § § § § | JURY TRIAL DEMANDED |
| DEFENDANTS § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Kenneth Smith, on behalf of himself and all others similarly situated ("Plaintiff") and files this Original Collective Action Complaint against North Texas Maintenance, Inc., A.L. Helmcamp, Inc. and Clint Hemby, Individually ("Defendants") and in support thereof would show as follows:

**I.   PRELIMINARY STATEMENT**

1.1   Defendants jointly employ rest area attendants throughout Texas. The primary duty of these individuals is to clean and maintain rest areas located alongside Texas highways. However, in order to avoid responsibility for payment of overtime under the Fair Labor Standards Act, Defendants have improperly classified their employees as independent contractors. Plaintiff and all others similarly situated are hourly, non-exempt employees. Throughout their employment, Defendants repeatedly refused to pay

Plaintiff and all others similarly situated overtime pay for hours worked over forty per week.

1.2     Kenneth Smith, on behalf of himself and all others similarly situated employed by Defendants as rest area attendants, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their rest area attendants overtime premiums for all hours worked over forty per week.

1.4     Plaintiff hereby demands a jury trial.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce…"

2.2     The Court has personal jurisdiction over Defendants North Texas Maintenance, Inc. and A.L. Helmcamp, Inc. because these Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.

### III.     PARTIES

3.1     Kenneth Smith is an individual residing in Houston.  His notice of consent is attached hereto as Exhibit A.

3.2     Defendant North Texas Maintenance, Inc. is a domestic corporation organized under the laws of Texas.  Defendant North Texas Maintenance, Inc. may be served with process through its registered agent for service of process, Clint Hemby, 4321 CR 2610, Bonham, Texas 75418.

3.3     Defendant North Texas Maintenance, Inc. was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Defendant Clint Hemby is the President of Defendant North Texas Maintenance, Inc.

3.5     Defendant Clint Hemby may be served with process at 4321 CR 2610, Bonham, Texas 75418.

3.6     Defendant Clint Hemby was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.7     Defendant A.L. Helmcamp, Inc. is a domestic corporation organized under the laws of Texas.  Defendant A.L. Helmcamp, Inc. may be served with process through its registered agent for service of process, Rick Helmcamp, at 4120 Hwy 79W, Buffalo, Texas 75831.

3.8     Defendant A.L. Helmcamp, Inc. was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

## IV.     FLSA COVERAGE

4.1     At all relevant times, Defendants North Texas Maintenance, Inc. and A.L. Helmcamp, Inc. each have had gross operating revenue in excess of $500,000.00.

4.2     At all relevant times, Defendants North Texas Maintenance, Inc. and A.L. Helmcamp, Inc. have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3     At all relevant times, Defendants North Texas Maintenance, Inc. and A.L. Helmcamp, Inc. have each employed, and continue to employ, employees, including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants North Texas Maintenance, Inc. and A.L. Helmcamp, Inc.  have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.5     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce while performing their job duties for Defendants.

4.6     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants employ rest area attendants to clean and maintain rest areas throughout Texas.

5.2     Defendants employed Plaintiff and those similarly situated during the three-year

period preceding the filing of this Complaint.

5.3    Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4    Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.5    Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6    As the President of North Texas Maintenance, Inc., Clint Hemby independently exercised control over the work performed by Plaintiff and those similarly situated.

5.7    Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., determined the wages to be paid to Plaintiff and those similarly situated.

5.8    Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., determined the work to be performed by Plaintiff and those similarly situated and monitored and directed their work on a regular basis.

5.9    Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., determined the locations where Plaintiff and those similarly situated would work.

5.10   Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., determined the hours of Plaintiff and those similarly situated.

5.11   Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., determined the conditions of employment of Plaintiff and those

similarly situated.

5.12   Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., maintained employment records on Plaintiff and those similarly situated.

5.13   Clint Hemby, acting directly in the interest of North Texas Maintenance, Inc. and A.L. Helmcamp, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.14   As a part of their operations, Defendants have employed and continue to employ rest area attendants.

5.15   The primary function of these employees is clean and maintain rest areas throughout Texas.

5.16   Plaintiff and those similarly situated currently perform, or have performed, the job duties described in paragraph 5.16 within the past three years for Defendants.

5.17   Plaintiff and those similarly situated normally worked in excess of forty hours per week.

5.18   Although Plaintiff and those similarly situated worked more than forty hours per week, they were not paid their required overtime premiums for any hours worked over forty per week.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2　Plaintiff brings his claim for relief on behalf of all persons who worked for Defendants as rest area attendants at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3　Though their job titles may vary, the primary function of members of the Collective Class was to clean and maintain rest areas throughout Texas.

6.4　Plaintiff and the Collective Class shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.5　Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.6　Defendants' pattern of failing to pay for all hours worked over forty per week as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of Plaintiff and the Collective Class.

6.7　Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.8　Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9　Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this

collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.10    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.11    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.12    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATIONS OF FLSA

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are hourly, non-exempt employees.

7.3    Plaintiff and all others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

7.4    During their employment, Plaintiff and the Collective Class routinely worked well in excess of forty hours per week.  Even though they worked well in excess of forty hours per week, Defendants have failed to pay Plaintiff and the Collective Class overtime premiums for any overtime hours worked, in violation of 29 U.S.C. § 201 *et seq*.

7.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiff and the Collective Class.

7.6     Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kenneth Smith and all those similarly situated who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to §216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following against Defendants North Texas Maintenance, Inc., A.L. Helmcamp, Inc., and Clint Hemby, jointly and severally:

a.  unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

b.  liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c.  reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF