IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KENNETH SMITH, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>NORTH TEXAS MAINTENANCE, INC., A.L. HELMCAMP, INC. AND CLINT HEMBY, INDIVIDUALLY,<br><br>Defendants. | § § § § § § § § § § § § § | No. 4:17CV641-ALM-KPJ |

## MEMORANDUM OPINION AN ORDER

Before the Court is Plaintiff's Motion to Reconsider Motion for Alternative Service (the "Motion to Reconsider") (Dkt. 9). As set forth below, the Court finds the Motion to Reconsider (Dkt. 9) is **GRANTED**.

## I. BACKGROUND

On November 29, 2017, Plaintiff filed a Motion for Alternative Service of Process (the "First Motion") (Dkt. 7), which the Court granted in part and denied in part. *See* Dkt. 8. The Court allowed service on Defendants North Texas Maintenance, Inc. ("NTMI") and Defendant Clint Hemby ("Hemby") by leaving a copy of the complaint and summons with any individual appearing to be over the age of eighteen years who was present at 415 Private Road 206, Bonham, Texas, 75418. *See id*. However, based on the information before it at the time, the Court declined to allow Plaintiff to serve Defendants NTMI and Hemby by posting the complaint and summons on the front entrance of 415 Private Road 206, Bonham, Texas, 75418. *See id*.

NTMI is a corporation organized under the laws of Texas, and is thus required to register with the Texas Secretary of State. The corporate address listed for NTMI is 415 Private Road 206,

Bonham, Texas, 75418 (the "Private Road 206 Address"). *See* Dkt. 7. Hemby is listed as NTMI's registered agent for service of process with an address of 4321 CR 2610, Bonham, Texas, 75418 (the "CR 2610 Address"). According to the record, the CR 2610 Address appears to have been abandoned. *See* Dkts. 7, 7-1, and 9-1.

The record in this case indicates that Plaintiff retained Robert L. Crow ("Crow"), a private process server, to effect service on Defendants NTMI and Hemby. Plaintiff's First Motion (Dkt. 7), supported by Crow's declaration (Dkts. 7-1 and 9-1), avers that Plaintiff has made multiple attempts to effect service on NTMI and Hemby. Crow made seven attempts to serve process, including two attempts to serve Hemby, as NTMI's registered agent, at the CR 2610 Address and five additional attempts to serve process at the Private Road 206 Address. Crow observed that vehicles at the Private Road 206 Address are registered to NTMI and/or Hemby. *See* Dkt. 9-1. Crow also confirmed that Hemby is the owner of the Private Road 206 Address. *See id*. Crow's declaration also notes that the Private Road 206 Address has no close-by neighbors with whom to verify residency. *Id*.

Following the Court's Order dated December 7, 2017, Plaintiff hired another private process server, Byron Mitchell ("Mitchell). *See* Dkt. 9. According to Mitchell's declaration (Dkt. 9-2), no one answered the door after he attempted to serve process four different times at the Private Road 206 Address. *See id*. Plaintiff now files the present Motion for Reconsideration seeking to allow service of the complaint and summons for Defendants NTMI and Hemby by posting on the front entrance of the Private Road 206 Address. *See* Dkt. 9.

## II. <u>LEGAL STANDARD</u>

Insufficient process and insufficient service of process implicate a court's authority to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

2

*Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. FED. R. CIV. P. 4. Under Rule 4(e)(2), an individual (such as Defendant Hemby) may be served by:

> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).

Rule 4(h) provides for service upon a corporation, partnership, or association (such as Defendant NTMI):

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . .

FED. R. CIV. P. 4(h)(1).

In addition to service as prescribed under the Federal Rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may

be made "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Rule 106(a) of the Texas Rules of Civil Procedure states that service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested. Tex.R. Civ. P. 106(a). Rule 106(b) reads that if either of the two aforementioned methods are unsuccessful:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [either method in Rule 106(a)] at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

Further, the affidavit must state specifically the facts showing that service has been attempted. *Wilson v. Dunn*, 800 S.W.2d 833, 834 (citing TEX. R. CIV. P. 106(b). The Texas Supreme Court has held unequivocally that "substitute service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Id.* at 836.

### III. ANALYSIS

Here, Plaintiff demonstrates diligent—if not extraordinary—effort to serve Defendants NTMI and Hemby. Plaintiff has submitted evidence establishing that both Defendant NTMI and Defendant Hemby are associated with the Private Road 206 Address. Crow observed that vehicles at the Private Road Address are registered to NTMI and/or Hemby and that Hemby is the owner of the property. *See* Dkt. 9-1. Furthermore, the Private Road 206 Address is listed with the Texas

Secretary of State as NTMI's corporate address. A corporation has a responsibility to notify the Secretary of State of any change of registered agent or address. *See Little v. D & D Helping Others, Inc.*, 2008 WL 4525398, at *3 (S.D.Tex. 2008) (citing TEX. BUS. ORG. CODE §§ 5.201-02)); *see also K & M Tools, Inc. v. Bencon Mgt. & Gen. Contracting Corp.*, 1997 WL 605097, at *4 (Tex. App.—Houston 1997, pet denied). Based on the record here, NTMI's file with the Texas Secretary of State is not up to date (as required by law), since the CR 2610 Address listed as the address for NTMI's registered agent, appears to have been abandoned. *See* Dkt. 9-1.

Plaintiff's First Motion, along with the declarations of Crow and Mitchell, sufficiently describes their multiple attempts to serve Defendants NTMI and Hemby. Crow and Mitchell describe the dates and times of attempted service and also note that even though there were vehicles in the driveway and people inside the house, no one would come to the door. *See* Dkts. 9-1 and 9-2. Crow and Mitchell left their cards on multiple occasions and found those cards gone when they returned for subsequent service attempts. *Id*. These facts lead to the inevitable conclusion that Hemby is deliberately avoiding service of process, and it is unlikely that a person could leave a copy of the summons and complaint with any person over the age of eighteen at the Private Road 206 Address.

Based on the foregoing, the Court finds that service cannot be executed in accordance with Rule 106(b)(1). The Court will therefore order service in a manner that the record shows will be reasonably effective to give Defendants NTMI and Hemby notice of the suit. *See* TEX. R. CIV. P. 106(b)(2); *La Cantera Dev. Co. v. W. Rim Prop. Servs.*, 2010 WL 417409, at *4 (W.D. Tex. Jan. 29, 2010) (service allowed by posting summons and complaint to the front door of defendants' headquarters after attempting service multiple times and being told the registered agent wasn't in the office and that the defendants would not accept service from private process servers);

*Evergreen Nat'l Indemnity Co. v. Herndon*, 2007 WL 2827978, (N.D. Tex. 2007) (service allowed by posting summons and complaint to the front gate of defendant's residence after attempting personal service multiple times). *See also Hurst v. Ardoin, Inc.*, CA No. 2:15-cv-386 (S.D. Tex. Jan. 1, 2016) (N. Ramos) (service allowed by posting summons and complaint after attempting in person service multiple times); *Henson-Gibson v. Spring Branch SNF, LLC*, CA No. 4:17-cv-1654 (S.D. Tex. Sept. 27, 2017) (A. Bennett) (same).[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Motion for Alternative Service (the "Motion to Reconsider") (Dkt. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants NTMI and Hemby may be served by any person who is at least eighteen years old and not a party to the suit, pursuant to Rule 4(c)(2), with service of process in this case by:

 (a) affixing the summons and complaint, together with a copy of this Memorandum Opinion and Order, to the front entrance of 415 Private Road 206, Bonham, Texas, 75418; **AND**

 (b) mailing copies of the summons and complaint, together with a copy of this Memorandum Opinion and Order by certified mail, return receipt requested, addressed to Clint Hemby, as Defendant's registered agent, at his address of record with the Texas Secretary of State, 4321 CR 2610, Bonham, Texas, 75418; **AND**

 (c) mailing copies of the summons and complaint, together with a copy of this Memorandum Opinion and Order by certified mail, return receipt requested, to Defendant's corporate address of record with the Texas Secretary of State, 4321 CR 2610, Bonham, Texas, 75418 ; **AND**

---

[1] Copies of these were presented to the Court by Plaintiff, and the Court finds them sufficiently persuasive. *See* Dkts. 9-3 and 9-4.

(d) mailing copies of the summons and complaint, together with a copy of this Memorandum Opinion and Order by certified mail, return receipt requested, addressed to Clint Hemby, individually, at 4321 CR 2610, Bonham, Texas, 75418.

**IT IS FURTHER ORDERED** that the foregoing substitute service methods shall not be considered exclusive and that service of a copy of the summons and complaint may be effected by other means authorized by Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

**SIGNED this 29th day of December, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE